J-S37011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARNALDO GARCIA, SR. | : | |
| | : | |
| Appellant | : | No. 2709 EDA 2022 |

Appeal from the PCRA Order Entered September 26, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at CP-39-CR-0002966-2016

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED JUNE 4, 2024**

This case returns to the panel following remand for the correction of procedural missteps that occurred in the post-conviction court.  ***See Commonwealth v. Garcia***, No. 2709 EDA 2022 (Pa. Super. filed Mar. 18, 2024) (unpublished memorandum).  Arnaldo Garcia, Sr. (Appellant) is appealing from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et. seq.*  We affirm.

<u>TRIAL COURT AND DIRECT APPEAL HISTORY</u>

On August 17, 2017, a jury convicted Appellant of aggravated indecent assault of a child, corruption of minors, and indecent assault of a person less than 13 years of age.  The trial court sentenced Appellant to an aggregate term of 8 years and 2 months to 25 years in prison.  Sentencing Order, 11/20/17, at 1-4.  The trial court did not impose a probationary sentence.  However, the trial court included in the sentencing order a form captioned

"LEHIGH COUNTY SENTENCE PROBATION/PAROLE CONDITIONS," and titled "Special Conditions Sheet." *Id.* at 4 (prohibiting Appellant from engaging in certain activities and requiring his participation in various services).

Appellant timely appealed. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. A.G., Sr.*, No. 635 EDA 2018 (Pa. Super. filed Feb. 4, 2019) (unpublished memorandum), *appeal denied*, No. 137 MAL 2019 (Pa. Aug. 6, 2019).

PCRA COURT HISTORY

First Order Denying Relief on March 18, 2021

On November 1, 2019, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel, who filed a *Turner*/*Finley*[1] no-merit letter and motion to withdraw. On January 27, 2020, the PCRA court permitted counsel to withdraw, but declined Appellant's request for appointment of new counsel. Appellant proceeded *pro se*. On March 18, 2021, the PCRA court entered an order denying relief.

Appellant successfully appealed. Noting "procedural peculiarities," this Court found the PCRA court "failed to enforce Appellant's 'ruled-based right to effective counsel … throughout the entirety of his first PCRA proceeding.'" *Commonwealth v. Garcia*, No. 684 EDA 2021, unpublished memorandum at *3 (Pa. Super. filed Nov. 15, 2021) (citation omitted). We concluded

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's "allegations of ineffectiveness have necessitated the appointment of substitute counsel in the post-collateral context." *Id.* Thus, we vacated the order denying PCRA relief and remanded for the PCRA court "to appoint substitute counsel to represent Appellant and hold a new hearing." *Id.*

Second Order Denying Relief on September 26, 2022

The PCRA court summarized the proceedings following our November 15, 2021 remand:

> On November 18, 2021, the [PCRA c]ourt appointed Robert Sletvold, Esq.[,] and directed him to file an Amended PCRA Petition or a Motion to Withdraw as Counsel. Counsel failed to file either document despite being granted extensions. As a result, the [PCRA c]ourt scheduled a hearing to determine whether counsel had abandoned [Appellant]. On June 9, 2022, the [c]ourt conducted an abandonment hearing. Based on Attorney Sletvold's impending resignation as conflicts counsel, the [c]ourt appointed Alfred Stirba, Esq.[,] on June 14, 2022.
>
> On August 1, 2022, the [c]ourt held a hearing to determine the status of this matter. Counsel advised [that] he intended to pursue the relief originally sought in [Appellant's] PCRA Petition with respect to the assertion that trial counsel allegedly failed to communicate a plea offer to [Appellant]. Consequently, the [c]ourt conducted an evidentiary hearing on September 16, 2022, at which time [Appellant] was represented by Attorney Stirba. Michael T. Gough, Esq., [Appellant's] original trial and plea counsel, testified. At the close of this hearing, the [c]ourt took the matter under advisement.

Order, 9/26/22, at 1 n.i.

On September 26, 2022, the PCRA court entered the second order denying PCRA relief. The order was served on Appellant and Attorney Stirba. Attorney Stirba did not seek to withdraw and remained counsel of record in

the PCRA court. For reasons that remain unclear, Appellant filed a *pro se* notice of appeal.[2]

After Appellant filed his *pro se* appeal, the PCRA court ordered him to file a concise statement pursuant to Pa.R.A.P. 1925(b). The order was served on Appellant and the Commonwealth, but not Attorney Stirba. Appellant subsequently filed his concise statement *pro se*.

On November 23, 2022, the PCRA court issued an opinion. Again, service was made on Appellant and the Commonwealth, but not Attorney Stirba. The PCRA court briefly acknowledged Appellant's *pro se* status, stating, "it appears because this is still Appellant's first litigated PCRA that he is entitled to appointment of counsel on appeal. However, Appellant filed the appeal *pro se* and by doing so, he divested the [PCRA c]ourt of jurisdiction to appoint counsel at this juncture." PCRA Court Opinion, 11/23/22, at 4.

The above actions contravened established statutory and case law. ***See generally Commonwealth v. Garcia***, No. 2709 EDA 2022, unpublished memorandum (Pa. Super. filed Mar. 18, 2024). Accordingly, we found a

---

[2] The *pro se* notice of appeal was not sent to Attorney Stirba. ***See*** Pa.R.Crim.P. 576(a)(4) (providing if a represented defendant submits for filing a notice that has not been signed by his attorney, the clerk of courts shall accept it for filing and forward a copy of the time-stamped document to the defendant's attorney and the Commonwealth within 10 days).

J-S37011-23

breakdown in the PCRA court process and remanded the case to the PCRA court with specific instructions.[3] Consistent with this Court's instructions,

> [o]n March 25, 2024, the [PCRA c]ourt conducted a **Grazier**[4] hearing and Appellant advised the [PCRA c]ourt that he wished to retain Attorney Edelin. The [PCRA c]ourt entered an Order directing Attorney Edelin to enter an appearance.
>
> Attorney Edelin entered an appearance electronically the same day. The [PCRA c]ourt issued an Order directing Attorney Edelin to file a Concise Statement of Matters Complained of on Appeal …. Counsel filed the Concise Statement on April 2, 2024.

PCRA Court Opinion (PCO), 4/19/24, at 3.

After authoring the above opinion, the PCRA court returned the record to this Court for disposition.

ISSUE

Appellant presents the following question for our review:

Did [Appellant] receive ineffective assistance from trial and PCRA counsels where they failed to preserve a challenge to the jury selection process, which did not follow the binding rules on jury selection and, in doing so, permitted the prosecutor to make a plethora of legally incorrect and highly prejudicial statements to the panel of prospective jurors?

---

[3] Remand notwithstanding, we addressed Appellant's meritorious legality of sentence issue (with which the Commonwealth agreed). We concluded the trial court improperly imposed parole conditions as part of Appellant's sentence, and struck the parole conditions from the November 20, 2017 sentencing order.

[4] Regarding the right to counsel "at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998).

- 5 -

Appellant's Brief at 3.[5]

## ANALYSIS

Preliminarily, Appellant contends his issue is properly before us pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). Appellant's Brief at 9. In **Bradley**, the Pennsylvania Supreme Court held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness **at the first opportunity to do so**, even if on appeal." **Bradley**, 261 A.3d at 401 (emphasis added).

Appellant has been represented by four attorneys in this PCRA case. His current attorney, Mr. Edelin, began representing Appellant after Appellant *pro se* appealed from the denial of PCRA relief on September 26, 2022. Appellant claims he may "raise issues of PCRA counsel's ineffective assistance as soon as he obtains new counsel. And he has complied with that requirement." Appellant's Brief at 9. We will consider the merits of Appellant's issue mindful of **Bradley** and the repeated breakdown in the PCRA court process. However, we clarify that a petitioner may raise claims of PCRA counsel's ineffectiveness "at the first opportunity to do so," which may not be "as soon as he obtains new counsel." **See Bradley**, 261 A.3d at 401; Appellant's Brief at 9.

---

[5] This is the same issue raised by counsel in Appellant's amended concise statement. **See** Amended Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 4/2/24, at 1 (unnumbered).

Instantly, we agree with the PCRA court that "[b]ecause *voir dire* was transcribed and the transcript was filed, [Appellant's] issue can be resolved on the record." PCO at 3. As the Commonwealth observes, "[i]n some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. Such is the case here." Commonwealth's Brief at 14 (citing **Bradley**, 261 A.3d at 402).

We review the PCRA court's order dismissing Appellant's petition to determine whether the findings of the PCRA court are supported by the record and are free from legal error. **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa. 2022). Appellant "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." **Id.**

The law regarding ineffective assistance of counsel is well-settled:

> To prevail on a claim of ineffective assistance, the petitioner must plead and prove that the underl[y]ing claim is of arguable merit; that counsel had no reasonable strategic basis for the disputed action or inaction; and that there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's error. Failure to satisfy any one of these prongs is fatal to a claim of ineffective assistance. The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*.

**Commonwealth v. Prater**, 256 A.3d 1274, 1282 (Pa. Super. 2021) (citations omitted).

*Jury Selection*

Appellant asserts that during jury selection, "the presiding judge transgressed [Pa.R.Crim.P.] 631[, a]nd by failing to adhere to that Rule, the

court permitted the prosecutor to make legally incorrect and highly prejudicial statements to the jury." Appellant's Brief at 13. Appellant claims he was prejudiced by the prosecutor's "unfettered" questioning. *Id.* at 18, 22. According to Appellant, his counsel "should have objected to the process and the prosecutor's myriad inaccurate and prejudicial statements as she ran roughshod over [Appellant's] right to an impartial jury." *Id.* at 13. Appellant describes his "attorney s[itting] silently as the errors and prejudice mounted." *Id.* at 15. Appellant states:

> Instead of an orderly jury selection, the lower court permitted the prosecutor to run the process as if it were her closing arguments to an empaneled jury, replete with misleading, inaccurate, and inappropriate instructions of law. Indeed, by the end of jury selection, one wonders if anyone knew who was in charge. [Appellant's] trial counsel never objected to the process, and his PCRA counsel failed to raise the issue. Each of those attorneys rendered ineffective assistance of counsel because [Appellant] was compelled to proceed to trial with a jury that the prosecutor primed to convict throughout the *voir dire* process.

*Id.* at 9-10.

To the contrary, the Commonwealth argues that "the record belies [Appellant's] assertion that the process employed by the lower court was improper or somehow rendered a jury that was not impartial." Commonwealth's Brief at 16. We agree.

Rule 631 pertains to the examination and challenges of prospective jurors. The Rule states:

> (A) *Voir dire* of prospective trial jurors and prospective alternate jurors shall be conducted, and the jurors shall be selected, in the presence of a judge, unless the judge's presence is waived by the

- 8 -

attorney for the Commonwealth, the defense attorney, and the defendant, with the judge's consent.

Pa.R.Crim.P. 631(A). In addition, "an oath shall be administered" to prospective jurors; "the judge shall instruct the prospective jurors upon their duties and restrictions"; *voir dire* "shall be recorded in full unless the recording is waived"; and "[p]rior to *voir dire*, each prospective juror shall complete the standard, confidential juror information questionnaire." ***Id.*** at (B), (C), (D) and (E). Finally, Rule 631 directs that *voir dire* be conducted "individually," or with a "prepared list" of prospective jurors. ***Id.*** at (F)(1)-(2).

Appellant specifically asserts the trial court violated Rule 631(C) by neglecting to fully instruct prospective jurors about their duties, and Rule 631(F), because "the overall selection of jurors bore no resemblance to anything promulgated in Rule 631(F)." Appellant's Brief at 15-17. Appellant states:

> Here, the lower court's entire remarks to the prospective jurors included introducing himself, the prosecutor, and defense counsel, and then explaining that they gathered to "decide which [twelve] will sit as primary jurors and which [two] will set as alternate jurors[.]" (N.T. 8/15/17, Jury *Voir Dire*, [at] 2.) After those brief remarks, the lower court "turn[ed] the matter over to the district attorney for questioning." ***Id.*** And the lower court then permitted the prosecutor to question each potential juror regarding the standard questionnaire without compelling her to use any preemptory strikes or strikes for cause while doing so. ([***Id.*** at] 2-68.) Only after that did the lower court permit defense counsel to engage the potential jurors. ([***Id.*** at] 68-75.) Trial counsel did not object to this process.

***Id.*** at 16.

According to the record, Appellant is correct about Rule 631(C).[6]  The notes of testimony do not show that "upon completion of the oath," the trial court instructed "the prospective jurors upon their duties and restrictions while serving as jurors."  Pa.R.Crim.P. 631(C).  **See also** N.T., 8/15/17, at 2.  Appellant is incorrect about Rule 631(F).  The record refutes Appellant's claim that "the overall selection of jurors bore no resemblance to anything promulgated in Rule 631(F)."  Appellant's Brief at 17.  The selection of jurors in this case occurred by a "hybrid" method.  In addressing hybrid *voir dire*, our Supreme Court explained:

> Rule 631 provides two methods of *voir dire,* one in which peremptory decisions are made one juror at a time, without knowledge of those jurors to come, and the other in which they are made after all jurors have been examined.  Here, although the method of *voir dire* employed was clearly a hybrid of these two methods, and thus did not strictly comply with Rule 631[(F)], the parties were fully aware of the procedure chosen by the trial court before any challenges were exercised.  The *voir dire* method employed merely combined elements of the individual and the list systems, it did not deprive [the a]ppellant of a right so fundamental that it requires the award of a new trial.

***Commonwealth v. Noel***, 104 A.3d 1156, 1171 (Pa. 2014).

In addition, the Supreme Court observed:

> The Rules of Criminal Procedure, including Rule 631, were enacted to provide for the just determination of every criminal proceeding, and shall be construed to secure simplicity in procedure, fairness

---

[6] The transcript indicates the prospective jurors had completed questionnaires and "(Prospective jurors administered oath.)"  N.T., 8/15/17, at 2.  The oath and responses were not transcribed.  It is possible the prospective jurors were instructed about their duties and restrictions but the instruction was not transcribed.

in administration, and the elimination of unjustifiable expense and delay. Pa.R.Crim.P. 101. The process of selecting a jury is committed to the sound discretion of the trial judge and will be reversed only where the record indicates an abuse of discretion.

*Id.* at 1169. "It is only when the court permits the [jury] selection process to impugn the fundamental qualities of competence, fairness and impartiality that we may conclude that a 'palpable abuse of discretion' has been committed." *Id.* at 1171.

Chapter 45 of the Judicial Act also addresses jury selection. 42 Pa.C.S. §§ 4501-4584. Section 4527 is titled "Effect of verdict on jury selection errors," and provides that "errors and omissions in the selection of jurors [ ] shall not constitute grounds to set aside any jury verdict in any … matter or to arrest, reverse, open or strike any judgment entered on a jury verdict, and the trial by jury and its rendition of a verdict in any matter shall constitute a waiver of all such errors and omissions." 42 Pa.C.S. § 4527.

The purpose of *voir dire* is to empanel a fair and impartial jury. ***Noel***, 104 A.3d at 1168. The Supreme Court reiterated:

The purpose of *voir dire* is to ensure the empaneling of a fair and impartial jury capable of following the instructions on the law as provided by the trial court. While the constitution of this Commonwealth guarantees that trial by jury shall be as heretofore, and the right thereof remain inviolate, Pa. Const. Art. I, § 6, we have interpreted the inviolability of the right to mean freedom from substantial impairment, and have emphasized that it does not import rigidity of regulation in the manner of impanelling a jury.

*Id.* at 1168–69 (citations, brackets and quotation marks omitted).

- 11 -

In this case, the notes of testimony disclose no impropriety that resulted in a biased jury. Appellant's claim that the prosecutor "ran roughshod" with "unfettered" questions is hyperbole. For example, the prosecutor made the following comments:

> It is my job to present evidence. I could sit up here and make lots of arguments, but the reality is what is important and that is the evidence.
>
> ***
>
> [T]he goal is to get a fair and impartial jury.
>
> ***
>
> So today I'll be asking some general questions. We'll go through the questionnaire with some specificity. I'll ask a couple of other questions and then I'll turn it over to the Defense.
>
> ***
>
> [You] have to evaluate what [witnesses] say, use your common sense, and make decisions. Is anyone here going to say you [are] going to side with the police officer just based on his profession? … Now, as [Appellant] sits here, he is innocent. He is innocent until proven guilty.
>
> ***
>
> Now, knowing that this is a sex case, remember that I just said that those are allegations, is there anything about those facts as I stated them to you that would prevent you from being fair and impartial, and again, they are just allegations at this point.

N.T., 8/15/17, at 4, 4-5, 6, 51-52, 57-58.

Also, the trial court's comments are interspersed throughout *voir dire*. For example, the trial court advised the prospective jurors:

Basically we all have our life experience and everybody comes into a courtroom with different life experiences, the court reporter, defense attorney and the juries. But it is important … that you listen to the evidence and decide the case based on the evidence and the law.

So my question is: Can you put aside any bias or prejudice you may have and go through this with a clear mind and make a decision based on the evidence?

*Id.* at 33.

Notably, in addressing the prospective jurors, Appellant's counsel

stated:

Ladies and gentlemen of the jury, my name is [Defense Counsel]. … As indicated, I represent the accused in this case, [Appellant]. [**The prosecutor**] **did me a great favor by asking many of the same questions I had intended to ask you**.

I have just a few questions for you. Identically to [the prosecutor], my questions ...

[Defense counsel proceeds to question prospective jurors]

*Id.* at 68-69 (emphasis added).

Appellant's counsel objected to a prospective juror who indicated he was a corrections officer and knew Appellant. *Id.* at 23. The parties agreed to excusing numerous prospective jurors for cause, including the corrections officer who knew Appellant. *Id.* at 76-81. The trial court then asked the parties about "the two self-employed individuals, 11 and 12? Do you agree to those two?" *Id.* at 81. Appellant's counsel replied:

Not number 11[;] 12 is okay. I will not agree to number 11[;] 12, I will agree on. And I only had one other one, Judge[,] … his brother-in-law was a … detective and he said he would probably side with the prosecution.

*Id.* Consequently, two additional individuals were stricken from the jury pool.

The PCRA court has noted "appellate counsel's failure [in the concise statement] to identify which statement(s) Appellant asserts should have been challenged." PCO at 6. Nonetheless, the PCRA court "address[ed] the three [statements] that most likely fall within the ambit of the instant appeal." *Id.* Consistent with the record and the law, the PCRA court concluded it was

> unable to discern any errors in the Commonwealth's comments during jury selection which would amount to prejudice in this matter sufficient to establish ineffective assistance of counsel. The transcript reflects that the Commonwealth's questions stated the law in a manner that was accurate and in a way designed to verify that any venireperson would be willing to follow the law. Moreover, jurors are presumed to follow the instructions of the court. *Commonwealth v. Chmiel*, 30 A.3d 1111 (Pa. 2011). As a result, the transcript does not contain any statement by the Commonwealth to which trial counsel should have objected. Prior PCRA counsel did not, therefore, have a basis upon which to seek relief under this theory and Appellant is unable to establish any ineffectiveness on PCRA counsel's part for the same reason.

*Id.* at 8.

The record supports the PCRA court's denial of relief. *See, e.g.*, *Commonwealth v. Benner*, 147 A.3d 915, 921 (Pa. Super. 2016) (reiterating that counsel "cannot be deemed ineffective in failing to pursue a meritless claim").

Order affirmed.

- 14 -

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>6/4/2024</u>